OPINION OF THE COURT
Alexander Graves, J.
This motion reveals what appears to be a deficiency in the Uniform Rules for the New York City Civil Court (22 NYCRR part 208). It appears that movant (defendant and third-party plaintiff) served notices to take deposition on August 14, 1989, to which plaintiff served a cross motion, also for August 14th. The examinations have not been held, but plaintiff served her notice of trial with certificate of readiness on September 18, *156 1989. Movant brings this application by order to show cause dated November 27, 1989, long after the expiration of that 20-day period after service of the notice of trial which is referred to in section 208.17 (c) of the Uniform Rules for the New York City Civil Court. The motion must be denied as untimely.
If this case had been brought in the Supreme Court, however, a Justice of that court would have had the authority to strike the case from the calendar on his own initiative, pursuant to section 202.21 (e) of the Uniform Civil Rules for the Supreme Court and the County Court (22 NYCRR part 202), which reads, in appropriate part, "[a]t any time, the court on its own motion may vacate a note of issue if it appears that a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of this section in some material respect.” In this case, it is quite clear that the following certifications are incorrect:
"5. Discovery proceedings now known to be necessary completed.
"6. There are no outstanding requests for discovery. * * *
"8. The case is ready for trial.”
Since the Uniform Rules for the Civil Court contain no provision similar to the quoted wording of section 202.21 (e), the court concludes that it does not have the authority to act sua sponte to strike the action from the calendar.